UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BETSEY WARREN LEBOS,

        Appellant,

   v.

LINDA SCHUETTE,

        Appellee.

No. 2:08-CV-00680-MCE

MEMORANDUM AND ORDER

----oo0oo----

Betsey Warren Lebbos ("Lebbos") filed the parent bankruptcy case, which initiated this matter, in June 2006. Linda Schuette ("Schuette") was appointed the trustee in that bankruptcy case (06-22225-D-7). Lebbos had a pending civil rights lawsuit at the time her bankruptcy petition was filed, relating to a potential claim against numerous persons who worked for Santa Clara County. Lebbos failed to disclose or exempt that lawsuit from the bankruptcy proceedings. Schuette discovered the civil rights lawsuit, and obtained court approval for sale/compromise of Lebbos' interest as a plaintiff. The sale/compromise of the lawsuit for $6,400 was approved on March 13, 2008 by order of the Bankruptcy Court.

Lebbos appealed the sale/compromise order to this Court. Lebbos also appealed four unrelated bankruptcy orders to Judge Damrell. Lebbos moved to certify these unrelated appeals to the Ninth Circuit (along with other motions). Judge Damrell dismissed three of the four appeals as improper interlocutory appeals, and thus did not reach the issue of certification. Lebbos has also initiated proceedings with the Ninth Circuit. In those proceedings Lebbos seeks dismissal of the parent bankruptcy case alleging that she never signed nor saw her petition, and seeks disqualification of the bankruptcy judge, the Hon. Robert S. Bardwil. Following Lebbos' appeal to this court, she submitted this Ex Parte Request to Certify Appeal to the Ninth Circuit, under 28 U.S.C. 158(d).

**ANALYSIS**

District courts have jurisdiction to hear appeals from final orders of bankruptcy judges within the same judicial district. See 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(d)(2)(A), the Ninth Circuit will have jurisdiction over the instant appeal if this court certifies the existence of one or more of the following circumstances:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

>      (iii) an immediate appeal from the judgment,
> order, or decree may materially advance the
> progress of the case or proceeding in which the
> appeal is taken;
>
> and if the court of appeals authorizes the direct
> appeal of the judgment, order, or decree.

Lebbos asserts that all three circumstances listed in § 158(d)(2)(A) are present in the instant case, and thus the court should certify the appeal to the Ninth Circuit as required by 28 U.S.C. § 158(d)(2)(B). <u>Daimlerchrysler Financial Services Americas, L.L.C. v. Waters</u>, 2007 WL 2107428, at *2 (W.D. Va. 2007) ("the district court shall make the certification if it determines, either on its own motion or on the request of a party, that one or more of the three certification circumstances exists, or where a majority of the appellants and appellees requests certification").

**1.   Question of Law with No Controlling Decision**

First, Lebbos claims that the order approving the sale of her interest in the civil rights lawsuit "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." 28 U.S.C. § 158(d)(2)(A)(i). She asserts that Schuette's failure to notify the attorney handling her civil rights lawsuit, Joseph Giovanazzi ("Giovanazzi"), of the sale/compromise of the lawsuit through the bankruptcy case was reversible error, and that no Ninth Circuit or U.S. Supreme Court case considers this issue.

///

3

However, she properly notes that in the event of a compromise, Federal Rule of Bankruptcy Procedure 9019(a) requires notice to "creditors, the United States trustee, the debtor, and indenture trustees... and to any other entity as the court may direct," and does not require notice to the attorney handling the compromised lawsuit.  Lebbos erroneously argues that the case law is clear that such attorney is "an interested person who has a protected interest in [the case's] outcome," and as such should be notified of any proposed sale/compromise.  Lebbos bases this improper conclusion on a distinguishable case which held that an attorney with a retention agreement including a charging lien provision had a protected interest.  In re Bush, 356 B.R. 28, 30 (Bkrtcy. S.D. Cal. 2006).

Bankruptcy cases may have a wider breadth of parties in interest than typical civil litigation.  In re Mariner Post-Acute Network, Inc., 267 B.R. 46, 53 (Bankr.D.Del. 2001) (noting that in bankruptcy cases, certain matters may affect employees, vendors, landlords, parties to contracts, and other parties).  However, this wider breadth does not translate into a notification requirement above and beyond Rule 9019(a).  As noted by the bankruptcy judge during the approval hearing for the sale/compromise, Schuette was not required to notify Giovanazzi. He was not listed as a creditor in the parent bankruptcy case, had not filed a proof of claim, and had not requested special notice.  Further, Giovanazzi filed a declaration opposing the sale/compromise, and thus not only was he notified, he had time to prepare and present his views on the sale/compromise, which were considered by the bankruptcy court.

4

1 | Therefore, even though Schuette was not required to notify
2 | Giovanazzi, his declaration shows that he was aware of the
3 | sale/compromise.  Rule 9019(a) is clear regarding the notice
4 | requirements in the event of a sale/compromise of a pending
5 | lawsuit in a bankruptcy proceeding, and thus Lebbos' first
6 | proposed question of law is moot.
7 |     Lebbos further asserts that the trustee failed to notify
8 | each creditor in the parent bankruptcy case.  If true, this
9 | failure would be a violation of Rule 9019(a), as it requires
10 | notification of a compromise to all creditors.  See Fed. R.
11 | Bankr. P. 9019(a).  Lebbos attached to this Ex Parte Request a
12 | declaration from Mr. Paul Deavenport stating that he is a
13 | creditor, and did not receive notice of the sale/compromise of
14 | the civil rights lawsuit.  However, Lebbos herself stated in a
15 | sworn declaration that listing Mr. Deavenport as a creditor was a
16 | mistake, and that he is not a creditor.  The bankruptcy judge
17 | notes that Mr. Deavenport is only a creditor when it is
18 | convenient for Lebbos.  The creditors received notice of the
19 | sale/compromise, and no creditor objected, including the alleged
20 | creditor Mr. Deavenport.  Therefore, Lebbos' second question of
21 | law, regarding what affect a lack of notice to creditors would
22 | have on the sale/compromise of a pending lawsuit, is also moot,
23 | and thus is not certifiable to the Ninth Circuit.
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

5

1  **2.  Question of Law Requiring Resolution of Conflicting Decisions**

Second, Lebbos claims that the order approving the sale of her interest in the civil rights lawsuit "involves a question of law requiring resolution of conflicting decisions," namely notice to the attorney of the lawsuit's proposed sale. 28 U.S.C. § 158(d)(2)(A)(ii).  Toward this end, Lebbos relies on the above noted holding in In re Bush, where an attorney with a retention agreement including a charging lien provision had a protected interest in the underlying lawsuit.  356 B.R. 28 (Bkrtcy. S.D. Cal. 2006).  Lebbos asserts that this case conflicts with Rule 9019(a), which does not require notice to attorneys unless directed by the court.  See id. at 30; Fed. R. Bankr. P. 9019(a). No charging lien provision is present in the instant case, and no sale/compromise of a pending lawsuit existed in In re Bush. Therefore In re Bush is easily distinguishable from the claims at issue.  In this pro se Ex Parte Request, Lebbos fails to provide any conflicting decisions of either bankruptcy or appellate courts.  A search of the relevant case law failed to unearth any conflicts on this point.  Moreover, as stated above, neither question of law is at issue, and therefore there is no basis for further analysis.

///
///
///
///
///
///

### 3. Immediate Appeal from the Order May Materially Advance the Progress of the Case

Finally, Lebbos asserts that certifying the instant case to the Ninth Circuit would "materially advance the progress" of her recent appeals to the Ninth Circuit seeking dismissal of the parent bankruptcy case and disqualification of the bankruptcy judge based on his alleged bias and partisan acts. See 28 U.S.C. § 158(d)(2)(A)(ii). Lebbos asserts that her signature on the bankruptcy petition was forged, and thus it should be dismissed. The bankruptcy court held that regardless of whether or not Lebbos signed her bankruptcy petition, her actions and statements evidenced her intent to file and to receive the benefits of bankruptcy, and thus she is bound by the petition. The bankruptcy judge notes that the Ninth Circuit Bankruptcy Appellate Panel ("BAP") dealt with a debtor seeking dismissal of her bankruptcy petition on the basis of forged signatures in In re Mendez. 367 B.R. 109 (9th Cir. BAP 2007). The BAP noted that "the real question in this case is whether the Debtor intended to file for protection under chapter 7 of the Bankruptcy Code...." Id. at 120 (emphasis added). The BAP found that the debtor appeared at bankruptcy hearings and received required credit counseling, and never contested the validity of her petition. Id. at 119. In the instant case, Lebbos similarly participated in the bankruptcy case, including her production of exhibits, her request to the judges of the Santa Clara County Superior Court comply with the stay request, and her statement in a brief that she filed bankruptcy.

///

Therefore, as held by the bankruptcy court, Lebbos' actions and statements show that she intended to be bound by her bankruptcy petition.

The instant appeal, seeking an order voiding the sale/compromise of the civil rights lawsuit, is not materially related to either appeal currently filed with the Ninth Circuit. In her Ex Parte Request, Lebbos asserts that the Ninth Circuit appeals "concern the same unsigned Bankruptcy petition, the same parties, the same judge, and the same modus operandi of the Bankruptcy Court judge of his discriminating against the disabled appellant..." as the instant appeal, and thus the actions should all be heard by the Ninth Circuit.  However, the analysis of whether the bankruptcy court erred in its approval of the sale/compromise of the civil rights lawsuit is quite different than an examination of the law surrounding the dismissal of a bankruptcy petition or the proposed disqualification of a bankruptcy court judge.  This Court's resolution of this appeal will have no effect on such an examination by the Ninth Circuit. There is no evidence that a ruling on the sale/compromise from this Court would differ, in relation to a material advancement of the progress of the case, from such a ruling from the Ninth Circuit.  Thus certification of the instant appeal is also improper under 28 U.S.C. § 158(d)(2)(A)(iii).

///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, Appellant's Ex Parte Request to Certify Appeal to the Ninth Circuit is DENIED.

IT IS SO ORDERED.

Dated: September 30, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE